IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JORDAN C. COTNER                                                                            PLAINTIFF

v.                                    Civil No. 6:23-CV-06034-SOH-MEF

SHERIFF BLAKE HUGHES                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint on March 21, 2023. (ECF No. 1). The Order granting Plaintiff *in forma pauperis* status advised him that he must keep the Court apprised of his mailing address or his case would be dismissed. (ECF No. 3). Plaintiff filed Amended Complaints on April 10, 2023, and June 20, 2023. (ECF Nos. 6, 15).

On October 10, 2023, Defendant filed a Motion to Dismiss. (ECF No. 24). As grounds, he states that mail sent to Plaintiff in the Hot Spring County Detention Center had been returned undeliverable, indicating Plaintiff was no longer incarcerated at the facility. (*Id*.). On October 12, 2023, the Court entered Order directing Plaintiff to communicate with the Court by November 2, 2023. (ECF No. 26). This Order was sent to the Hot Spring County Detention Center. (*Id*.). It was returned undeliverable on October 24, 2023, confirming that Plaintiff was no longer at the facility. (ECF No. 27).

1

To date, Plaintiff has not communicated with the Court since filing his Third Amended Complaint on June 20, 2023. On December 14, 2023, Defendant Hughes filed a Notice stating that Plaintiff had not responded to the Order and had failed to comply with Local Rule 5.5(c)(2). (ECF No. 28).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule

5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Third Amended Complaint (ECF No. 15) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE